OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioner seeks judgment returning him to the Green Haven Correctional Facility and enjoining the respondent from transferring him therefrom, so long as he complies with the requirements of the Department of Correctional Services’ Directive No. 0053, and without affording him an appropriate hearing prior to his transfer.
Petitioner is under the custody of the Department of Correctional Services, having been confined to the Green Haven Correctional Facility until April 22, 1981, when he was transferred to the Attica Correctional Facility. This court has previously held that “persons sentenced to imprisonment are not sent to a particular institution, but rather are committed to the custody of the respondent and may be transferred from one institution to another with few limitations.” (Mitchell v Coughlin, Supreme Ct, Special Term, Albany County, Sept. 16, 1980.) With regard to such transfers, on February 25, 1981, respondent issued Directive No. 0053 which revised the criteria for transfer from the Green Haven Correctional Facility, “in order to make it a facility designed primarily for housing maximum classification inmates who have demonstrated satisfactory *989 adjustment and program performance within the Department.”
Petitioner argues that this newly promulgated directive is a requirement that inmates at the Green Haven Facility not be transferred unless they failed to be involved in programs, or are engaged in serious misbehavior. He asserts that it creates a justifiable expectation protected by the due process clause of both the State and Federal Constitutions in favor of Green Haven inmates. This court does not agree. Said directive does not guarantee a prisoner the right to remain at Green Haven unless guilty of various types of misconduct set forth therein. It, in no way, reduces the authority of the respondent to transfer inmates from that facility or other facilities under his jurisdiction. Respondent’s attempt to reward prisoners for good behavior is laudable. However, Directive No. 0053 does not create a reasonable expectation that an inmate will not be transferred so long as he continues to behave satisfactorily and continued to be involved in prescribed programs. As such, the directive does not establish a liberty interest which is protected by the due process clause of either the State or Federal Constitutions.
Accordingly, the petition shall be dismissed.